| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>)<br>)<br>         v.                                  )<br>                                            )<br>THOMAS GROSSI, LAURETTA WIEMER )<br>and ALBERT B. DEL MASSO         )<br>                                            )<br>In the matter of $608,916.58    )<br>IN U.S. CURRENCY, AS SUBSTITUTE )<br>*RES* FOR REAL PROPERTY LOCATED AT )<br>2638 MARKET STREET, OAKLAND,   )<br>CALIFORNIA                         )<br>_____ ) | C—04-3055 DLJ<br>CR-04-40127-DLJ (related case) |

This Court held a hearing on June 8, 2007 to determine Petitioner Lauretta Weimer's legal interest in the forfeited property at 2638 Market Street, Oakland.  Following the hearing, the Court ordered that the forfeiture should not apply to Petitioner's $100,000 loan to Defendant Grossi, which the Court found defendant had used to purchase the Market Street property. In making that determination, the Court relied in part on the promissory note between Weimer and Grossi which reflected the terms of the loan.  The terms of the promissory note called for repayment in full on or before November 30, 2006.  As the Court did not have before it at the June 8, 2007 hearing any evidence regarding possible repayment of the loan, it deferred deciding on the amount of payment due back from the Government to Ms. Weimer and ordered that Grossi file with the Court evidence on the loan repayment issue, both as to interest and to principal.

On June 13, 2007 in response to the Court's order a

"Notice of Payments on Lauretta Weimer Loan re: Preliminary Order of Forfeiture" was filed with the Court.  This document states in part that "[s]ubsequent to 4 June 2004, Grossi continued sending funds to his sister, Lauretta Weimer, until an amount equal to his obligation to her under the promissory note had been paid over." As this document is signed by Attorney Michael as counsel for Lauretta Weimer, the Court will proceed on the assumption that Ms. Weimer shares in this interpretation of the status of the promissory note and will rule in accordance with that assumption. If for any reason, the Court's interpretation of the June 13, 2007 filing is incorrect, the Court orders that any clarification on this issue be filed with the Court within 10 days of the date of this Order.

IT IS SO ORDERED

Dated: June 27, 2007

_____

D. Lowell Jensen
United States District Judge