United States District Court
For the Northern District of California

|  |  |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| ) | |
| v. ) | C-04-3055 DLJ |
| ) | CR-04-40127-DLJ (related case) |
| THOMAS GROSSI, LAURETTA WEIMER ) and ALBERT B. DEL MASSO ) | |
| ) | Final Order of Forfeiture and Judgment |
| In the matter of $608,916.58 ) IN U.S. CURRENCY, AS SUBSTITUTE *)* *RES* FOR REAL PROPERTY LOCATED AT ) 2638 MARKET STREET, OAKLAND, ) CALIFORNIA ) _____ ) | |

The United States filed a civil forfeiture action against 2638 Market Street, Oakland California, which had been used in a large scale marijuana cultivation operation. See CV 04-3055 DLJ, Complaint for Forfeiture, filed July 24, 2004. After the interlocutory sale of 2638 Market Street pursuant to a stipulated order, the net proceeds of that sale, $608,916.58, were substituted as defendant. See Notice to Clerk of Change in Defendant to $608,916.58, filed November 24, 2004. Subsequently, the civil forfeiture case was stayed pending resolution of the related criminal case.

In the related criminal case, the jury convicted defendant Thomas Grossi of maintaining for the manufacture of marijuana his property at 2638 Market Street, and found a basis for forfeiting that property. On January 20, 2006, this Court entered a preliminary order of forfeiture, ordering that Grossi forfeit his interest in the $608,916.58 in net proceeds from the sale of 2638

Market Street. Id.

Grossi moved to modify the preliminary order of forfeiture on the ground that the forfeiture violated the Eighth Amendment's prohibition on excessive fines. In response to the preliminary order of forfeiture, Lauretta Weimer petitioned this Court for an ancillary proceeding, claiming an ownership interest in the proceeds from the sale of 2638 Market Street.

After the Government settled with another claimant, only $358,916.58 in net proceeds plus accrued interest remained. In the criminal judgment filed on May 26, 2007 this Court ordered forfeiture "tentatively [of] $245,000 – the exact amount yet to be determined," and stated that it would issue a separate order regarding the Market Street Property amount.

After a hearing on June 8, 2007 on Weimer's petition, this Court issued an order which held that:

> the amount forfeited by Grossi on the Market Street property should be reduced by $87,666.80, which amount represents the government's obligation to Weimer as repaid by Grossi. This amount should be paid to him from the forfeiture proceeds now held by the Court along with the interest at the statutory rate.

See Order, filed August 10, 2007.

Grossi appealed the forfeiture of the remaining net proceeds from the sale of the Market Street property as an excessive fine in violation of the Eighth Amendment, and the Government cross appealed the reduction of that forfeiture by $87,666.80.

On appeal, the Ninth Circuit held that: the forfeiture did not amount to an excessive fine; found that equitable subrogation was not applicable to this case; and reversed the reduction by $87,666.80 of the amount forfeited by Grossi.

Grossi has requested that this Court revisit the amount of the forfeiture.  The parties briefed whether in light of the Order by the Ninth Circuit, this Court had any jurisdiction over the issue of the amount of the forfeiture.  The government argues, and this Court finds that it does not have any jurisdiction to address the forfeiture order at this juncture. The language of the Ninth Circuit Order does not remand any question to this Court. The Ninth Circuit simply ordered that its judgment entered December 18, 2009 take effect. <u>See</u> Order of December 18, 2009 ("On Grossi's appeal, AFFIRMED; on the government's cross-appeal, REVERSED") and Mandate dated 3/18/10 ("The judgment of [the Ninth Circuit] Court, entered December 18, 2009, takes effect this date.").  This Court thus has only the ministerial task of entering the Order of Forfeiture.

Therefore it is ORDERED, ADJUDGED AND DECREED that the remaining $358,916.58 in net proceeds plus accrued interest from the sale of the Market Street property be and hereby is forfeited to the United States pursuant to 21 U.S.C. §§ 853(a)(2) and 881(a)(7) ; and it is further ORDERED that all right, title and interest in that $358,916.58 plus accrued interest be, and hereby is, vested in the United States as of the date of the

criminal activities giving rise to the forfeiture pursuant to 21 U.S.C. §§ 853(c) and 881(h); and it is further ORDERED that the United States Marshals Service shall, in accordance with law, dispose of the forfeited $358,916.58 plus accrued interest.

IT IS SO ORDERED

Dated: December 2, 2010



D. Lowell Jensen
United States District Judge

4