BRIAN J. STRETCH (CSBN 163973)
Acting United States Attorney

DAVID R. CALLAWAY (CABN 121782)
Chief, Criminal Division

PATRICIA J. KENNEY (CABN 130238)
Assistant United States Attorney

    450 Golden Gate Avenue, Box 36055
    San Francisco, California 94102-3495
    Telephone: (415) 436-6857
    Facsimile:  (415) 436-7248
    E-mail:     patricia.kenney@usdoj.gov

Attorneys for United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br><br>    Plaintiff, )<br><br>    v. )<br><br>$608,916.58 IN U.S. CURRENCY, AS )<br>SUBSTITUTE *RES*, FOR REAL PROPERTY )<br>LOCATED AT 2638 MARKET STREET, )<br>OAKLAND, CALIFORNIA, )<br><br>    Defendant. )<br>_____ )<br>THOMAS GROSSI, )<br><br>    Defendant in No. 04-CR-4027 )<br>    And Claimant as Authorized )<br>    By the Ninth Circuit to Seek )<br>    Fees on Behalf of Prior )<br>    Claimant Lauretta Weimer. )<br>_____ ) | No. 04-CV-03055 PJH<br>(related to *United States v. Grossi*, No. 04-CR-40127)<br><br><br>SETTLEMENT AGREEMENT<br>AND DISMISSAL |

The parties stipulate and agree as follows:

1.      Plaintiff is the United States of America ("United States").  Defendant is Thomas Grossi who is proceeding on behalf of his sister, Lauretta Weimer (both hereafter referred to as "Grossi") as authorized by the Ninth Circuit in No. 13-15487.  Plaintiff and Grossi are referred to as the "parties" in this document which is referred to as the "Settlement Agreement" or "Agreement."

2.      The parties agree that the only remaining issue in the instant case is the Grossi's claim, pursuant to 28 U.S.C. § 2465(b) for attorneys' fees and costs for services rendered by David M. Michael and Edward M. Burch in connection with this case in the district court and throughout all appeals, including Nos. 07-10272, 07-10430, 07-1627, 10-17821 and 13-15487.  After full and open discussion, the parties have agreed to resolve any and all outstanding claims for attorneys' fees and costs which Grossi made, or could have made, in connection with the instant case in district court and in the listed appeals in the Ninth Circuit.

3.      The parties agree that the resolution of the lawsuit is based solely on the terms stated in this Settlement Agreement.  It is expressly understood that this Agreement has been freely and voluntarily entered into by the parties.  The parties further agree that there are no express or implied terms or conditions of settlement, whether oral or written, other than those set forth in this Agreement. This Agreement shall not be modified or supplemented. The parties have entered into this Agreement in lieu of continued, protracted litigation in the district court and any further appeals to the Ninth Circuit.

4.      This Settlement Agreement is expressly understood by the parties not to be an adjudication of the merits of any factual or legal issue involving the claims for attorneys' fees and costs which were brought, or could have been brought, as described in paragraph 2 above.  The parties also agree that the Settlement Agreement does not constitute an admission by any party, including any past or present official, employee or agent of the United States, including the United States Department of Justice, that any party has violated any law, including any statute or regulation.

5.      The parties further agree that this Settlement Agreement does not constitute precedent on any legal issue for any purpose whatsoever, including all administrative proceedings and any lawsuits.

///

JCMS
No. 04-CV-03055 PJH                                    1

6.      In full and final settlement of Grossi's claims for attorneys' fees and costs, the parties agree that the United States of America will pay Grossi one hundred twenty five thousand dollars ($125,000) plus accrued interest from the date that the Court enters this Settlement Agreement as an order and after deducting any delinquent debts owed to any federal agency by Thomsas Grossi and/or Lauretta Weimer ("Settlement Amount").   The Settlement Amount will be paid by wire transfer to the account designated by Grossi on an ACH form, provided that Grossi first provides both a properly filled out ACH form and that Grossi and Weimer each provide a properly filled out W9 form to the undersigned Assistant United States Attorney. The Assistant United States Attorney will provide them with the appropriate forms to fill out. Grossi understands that the United States will report this payment to the Internal Revenue Service ("IRS"), and that questions as to tax liability, if any, as a result of this payment is a matter solely between Grossi, Weimer and the IRS. Grossi and his attorneys have been informed that payment of the Settlement Amount may take up to sixty (60) days to process.

7.      Payment of the Settlement Amount shall be in full settlement and satisfaction of any and all claims for attorneys' fees and costs which Grossi, his/her heirs, representatives and assignees made, or could have made, in this case in district court and in the appeals to the Ninth Circuit listed in paragraph 2 above. Further, Grossi releases and discharges the United States, as well as any past and present officials, employees, agents, attorneys, their successors and assigns, from any and all claims for attorneys' fees and costs which were made, or could have been made, in this case in district court and in the appeals to the Ninth Circuit listed in paragraph 2. To the extent that any other party seeks attorneys' fees and costs against the United States in connection with this case in district court and the appeals to the Ninth Circuit listed in paragraph 2, Grossi as well as his/her heirs, representatives and assignees, also agree to reimburse, indemnify, and hold harmless the United States of America, as well as any past and present officials, employees, agents, attorneys, their successors and assigns, from and against any and all claims, demands, rights, and causes of actions for attorneys' fees, whether known or unknown, including without limitation claims for subrogation, indemnity, contribution, or lien of any kind.

8.      Each party agrees to bear its or their own attorneys' fees and costs in connection with the November 10, 2010 settlement conference, including time spent and expenses incurred in preparing for that settlement conference.

9.      The parties agree that should any dispute arise with respect to the implementation of the terms of this Settlement Agreement that the parties shall not seek to rescind the agreement, but can apply to the district court, if necessary, for enforcement.  The parties agree that the district court retains jurisdiction for the purpose of enforcing this Settlement Agreement.  In any such enforcement proceeding, each party agrees to bear his, her or its own attorneys' fees and costs.

10.      Based on the foregoing, the parties agree that this district court civil and criminal actions listed in the caption be dismissed.

*    *    *    *    *

IT IS SO STIPULATED:

BRIAN J. STRETCH
Acting United States Attorney

Dated: November 10, 2015

PATRICIA J. KENNEY
Assistant United States Attorney
Attorneys for the United States

LAW OFFICES OF DAVID M. MICHAEL

Dated:  November 10, 2015

DAVID M. MICHAEL
EDWARD M. BURCH
Attorneys for Defendant Thomas Grossi

Thomas Grossi, Defendant

PURSUANT TO THE FOREGOING STIPULATION, IT IS SO ORDERED ON THIS __13__ DAY OF NOVEMBER, 2015 AND THE CASE IS HEREBY DISMISSED.

THE HONORABLE PHYLLIS J. HAMILTON
Chief Judge, United States District Court for the
Northern District of California